**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT PALMER, doing business as**
**Palmer Family LLC,**

            **Plaintiff,**

-vs-                                  Case No.  6:10-cv-248-Orl-19KRS

**HONORABLE RALPH W. DAU individual**
**and in his official capacity as Judge in**
**California Superior Court for Los Angeles**
**County,**

            **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss for Improper Venue; or in the Alternative to Transfer For Improper Venue (28 U.S.C. § 1406(a)) and Memorandum of Law by the Honorable Ralph W. Dau (Doc. No. 21, filed June 14, 2010); and

2. Opposition to Motion to Dismiss for Improper Venue; or in the Alternative to Transfer this Case in Florida to Federal Court in California by Robert Palmer, d/b/a Palmer Family LLC (Doc. No. 24, filed June 29, 2010).

### Background

This case arises out of a settlement agreement entered into by Robert Palmer, d/b/a Palmer Family LLC ("Palmer") and Dreyfus Brokerage Services ("Dreyfus"). (Doc. No. 7 ¶¶ 19-26.) The settlement agreement purported to resolve a dispute relating to wrongfully authorized trades. (*Id*. ¶¶ 33-37.) However, after the agreement was signed, Palmer filed a complaint against Dreyfus in the

Superior Court of California, County of Los Angeles, seeking rescission of the settlement agreement on grounds of incompetency, duress, undue influence, and mistake. (*Id*. ¶¶ 48-50.) The Honorable Ralph W. Dau ("Judge Dau"), presided over the case and granted summary judgment for Dreyfus on all counts. (Doc. No. 1-A.) Following the dismissal, Palmer signed an agreement with Dreyfus wherein Palmer agreed not to appeal the decision and Dreyfus agreed not to demand costs. (*Id*. ¶ 75.)

On February 11, 2010 Palmer filed the instant action in the Middle District of Florida alleging that Judge Dau violated Palmer's civil rights. (*Id.* ¶ 81.) The Complaint seeks a declaratory judgment that Judge Dau's summary judgment order is void, rescission of the settlement agreement, and various other remedies (*Id*. ¶¶ 189-194.)

On June 14, 2010, Judge Dau filed the present Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue. (Doc. No. 21). Judge Dau argues that venue is improper in the Middle District of Florida because Judge Dau is not a resident of the Middle District of Florida and the actions giving rise to the present controversy took place in California. (*Id*. at 2.) In response, Palmer maintains that venue is proper in this Court because the impact of the action, mainly economic damages, was felt in the Middle District of Florida. (Doc. No. 24 at 2.)

**Standard of Review**

On a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of showing that venue in its chosen forum is proper. *Gulf Power Co. v. Coalsales II, LLC*, No. 3:06-cv-270-MCR, 2008 WL 563484, at *5 (N.D. Fla. Feb.27, 2008) (citing *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)); *Brown v. Brown*, No. 8:06-CV-1028-T-24TGW, 2007 WL 949424, at * 2 (M.D. Fla. Mar. 27, 2007). In considering such motion, a court accepts the facts in the plaintiff's complaint as true. *Wai*, 315 F. Supp. 2d at 1268. A court may also "consider matters outside the pleadings if

presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2d ed. 1990)). Where there is a conflict between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F. Supp. 2d at 1268.

**Analysis**

Palmer alleges that Judge Dau deprived Palmer of his civil rights is violation of 42 U.S.C. § 1983. (Doc. No. 24 ¶ 21.) Accordingly, venue is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because Judge Dau is a resident of California, venue is not appropriate in the Middle District of Florida under either 28 U.S.C. § 1391(b)(1) or (b)(3). Furthermore, all of the actions complained of, including the alleged deprivation of Palmer's civil rights, took place in California such that venue is not appropriate in the Middle District of Florida under 28 U.S.C. § 1391(b)(2).[1]

Palmer contends that venue is appropriate in the Middle District of Florida because the impact of the alleged actions was felt in Florida. (Doc. No. 24 at 2.) In support of this proposition, Palmer cites *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986 (8th Cir. 2007). However, *Great*

---

[1] The parties do not allege, and the Court does not find, that a substantial part of property involved in the present action is situated in the Middle District of Florida.

presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2d ed. 1990)). Where there is a conflict between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F. Supp. 2d at 1268.

**Analysis**

Palmer alleges that Judge Dau deprived Palmer of his civil rights is violation of 42 U.S.C. § 1983. (Doc. No. 24 ¶ 21.) Accordingly, venue is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because Judge Dau is a resident of California, venue is not appropriate in the Middle District of Florida under either 28 U.S.C. § 1391(b)(1) or (b)(3). Furthermore, all of the actions complained of, including the alleged deprivation of Palmer's civil rights, took place in California such that venue is not appropriate in the Middle District of Florida under 28 U.S.C. § 1391(b)(2).[1]

Palmer contends that venue is appropriate in the Middle District of Florida because the impact of the alleged actions was felt in Florida. (Doc. No. 24 at 2.) In support of this proposition, Palmer cites *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986 (8th Cir. 2007). However, *Great*

---

[1] The parties do not allege, and the Court does not find, that a substantial part of property involved in the present action is situated in the Middle District of Florida.

*Plains Trust* is inapplicable to the present case. *Great Plains Trust* dealt with determining whether Kansas or Missouri's statute of limitations applied to breach of contract and fraud claims; it did not address the issue of venue or the application of 28 U.S.C. § 1391(b).

When venue is improper, the Court may dismiss the case, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406. When venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant. Wright, Miller & Kane, *Fed. Practice & Procedure: Jurisdiction 2d* § 3827 at 262 (1998 & 2005 Supp.). In the present case, Judge Dau does not allege, and the Court does not find, that the action was brought in the Middle District of Florida in bad faith or in an effort to harass Judge Dau. Instead, it appears that the case was brought in an improper venue as a result of Palmer's mistaken belief that the impact of the alleged harm controlled venue. Considering that Palmer is proceeding *pro se* and without more, the Court cannot find that such an error amounts to bad faith.

Pursuant to § 1391, venue is proper in the Central District of California because a substantial part of the events giving rise to the claim occurred there. Accordingly, the case will be transferred to the Central District of California.

## Conclusion

Based on the foregoing, the Motion to Dismiss for Improper Venue; or in the Alternative to Transfer For Improper Venue (28 U.S.C. § 1406(a)) by the Honorable Ralph W. Dau (Doc. No. 21, filed June 14, 2010) is **GRANTED in part** and **DENIED in part.** The Motion is **GRANTED** to the extent it seeks transfer of the present case to the Central District of California because venue of this action is improper in the Middle District of Florida. The Motion is **DENIED** in all other respects.

    **DONE** and **ORDERED** in Orlando, Florida on July 12, 2010

*[signature: Patricia C. Fawsett]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties